UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05cv901JCH |
| | ) | |
| SMITHWAY MOTOR EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

These matters are before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. No. 26), filed September 1, 2006, and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 27), filed September 15, 2006. The matters are fully briefed and ready for disposition.

## BACKGROUND

On May 9, 2003 Plaintiff and Daniel Norby were involved in a semi tractor-trailer collision on Interstate 44 in Oklahoma. Daniel Norby is an employee of Smithway Motor Express, Inc. ("Smithway"). On May 5, 2005, Plaintiff filed a Complaint against Smithway. (Doc. No. 1). Plaintiff amended his Complaint on August 14, 2006, and it contains the following counts: (I) negligence, (II) negligent hiring, and (III) punitive damages based on the alleged negligent hiring. (Doc. No. 23) In its Answer, Smithway admitted that Daniel Norby is a Smithway employee and was acting in the scope and course of employment at the time of the collision. (Ans., Doc. No. 24 ¶ 2).

Defendant filed its Motion to Dismiss Count II of the Plaintiff's Amended Complaint on September 1, 2006. Smithway argues that because it has admitted *respondeat superior* liability, an

1

action for negligent hiring cannot be brought. (Doc. No. 26). Plaintiff initially conceded that Count II should be dismissed, but has now recanted that statement. Plaintiff also argues that the allegations incorporated by reference into Count III from Count II should not be dismissed and leave should be granted to allow Plaintiff to file a Second Amended Complaint. The determinative issue is whether Plaintiff can maintain a cause of action for negligent hiring and, if not, can the claim for punitive damages remain without it.

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted)

## DISCUSSION

Under Missouri and Oklahoma law,[1] a claim for negligent hiring cannot be brought when an

---

[1] The Court will not undertake a choice of law analysis at this time. It has not been fully briefed by both parties and is unnecessary for the determination of this motion.

2

employer has admitted that an employee was acting in the course and scope of employment. McHaffie ex rel. McHaffie v. Bunch, 891 S.W.2d 822, 826 (Mo. 1995)[2] ; Jordan v. Cates, 935 P.2d 289, 293 (Okla. 1997)[3]. Here, Defendant has admitted *respondeat superior* liability. Accordingly, Plaintiff's negligent hiring claim cannot be brought. Thus, Count II of the Plaintiff's Amended Complaint will be dismissed.

In Missouri, punitive damages do not and cannot exist as an independent cause of action; they are mere incidents to the cause of action and can never constitute the basis thereof. Gould v. Starr, 558 S.W.2d 755, 770 (Mo. Ct. App. 1977); see also Klein v. Gen. Elec. Co., 728 S.W.2d 670, 671 (Mo. Ct. App. 1987). Oklahoma also employs this rule. See Lierly v. Tidewater Petroleum Corp., 139 P.3d 897, 905-06 (Okla. 2006); accord Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd., 867 P.2d 1241, 1247 (Okla. 1993). Here, Count III is attached to Count II's negligent hiring claim that must be dismissed. Accordingly, Count III of the Plaintiff's claim must be dismissed because it not attached to a cause of action and cannot constitute the basis of a separate cause of action.

## **CONCLUSION**

---

[2] Plaintiff argues strenuously that language in McHaffie, stating that "it is also possible that an employer ... may be liable for punitive damages which would not be assessed against the employee" supports his argument that Count III should be allowed to stand. 891 S.W.2d at 826. The Court does not find this dicta a persuasive reason to ignore McHaffie's clear holding.

[3] The Plaintiff also argues that the language in Jordan holding "when an employer stipulates that an employee is acting within the scope of employment ... and punitive damages are available against it under a theory of respondeat superior, an additional claim of negligent hiring exposes the employer to no additional liability" stands for the proposition that if punitive damages cannot be brought under a *respondeat superior* claim, a negligent hiring claim must be allowed. Jordan, 935 P.2d at 294. The Court, when reading that statement in the context of the opinion as a whole and keeping in mind that Jordan was an intentional torts case, believes Jordan stands for the broader proposition that once *respondeat superior* liability is admitted, a claim for negligent hiring is not available.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II of the Plaintiff's Amended Complaint (Doc. No.25) is **GRANTED** and Counts II and III of Plaintiff's Amended Complaint are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 27) is **DENIED**.

Dated this 19th day of October, 2006

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE